# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND, OHIO

| | |
|---|---|
| **Jamia Cain Thomas**<br>6421 Peircefield Drive<br>Cleveland, Ohio 44143<br><br>     **Plaintiff,**<br><br>v.<br><br>**University Hospitals**<br>**Cleveland Medical Center**<br>11100 Euclid Avenue<br>Cleveland, Ohio 44101<br><br>     **Defendant.** | Case No.<br><br>Judge:<br><br>Magistrate:<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

Now comes the Plaintiff, Jamia Cain Thomas ("Plaintiff" or "Thomas"), by and through counsel, for her Complaint against the Defendant as follows:

## I. THE PARTIES

1. Plaintiff is an individual residing in Cleveland, Ohio, Cuyahoga County and is a former employee of the Defendant.

2. Defendant, University Hospitals Cleveland Medical Center ("Defendant") is an Ohio corporation with its principal office located at 11100 Euclid Avenue, Cleveland, Ohio 44101, Cuyahoga County.

3. At all relevant times herein, the Defendant was the Plaintiff's employer and is an employer as defined by Title VII of the Civil Rights Act of 1964, as amended and codified in 42 U.S.C. 2000e(b), *et seq*.; the Ohio Civil Rights Act as amended and as codified in the Ohio Revised Code Chapter 4112; The Fair Labor Standards Act as amended and codified

in 29 USC § 203 *et seq*.; The Equal Pay Act as amended and codified in 29 USC § 206, *et seq*. The Americans with Disabilities Act, as amended and codified in 42 U.S. Code § 12101 *et seq*.; and the Family Medical Leave Act as amended and codified in 29 USC § 2601, *et seq*.

4. At all relevant times herein, the Plaintiff was an employee of the Defendant and is an employee as defined in Title VII of the Civil Rights Act of 1964, as amended and codified in 42 U.S.C. 2000e(b), *et seq*.; the Ohio Civil Rights Act as amended and codified in the Ohio Revised Code Chapter 4112; The Fair Labor Standards Act as amended and codified in 29 USC § 203 *et seq*.; The Equal Pay Act as amended and codified in 29 USC § 206, *et seq*. The Americans with Disabilities Act, as amended and codified in 42 U.S. Code § 12101 *et seq*.; and the Family Medical Leave Act as amended and codified in 29 USC § 2601, *et seq*.

5. According to the Ohio Secretary of State, the Defendant's Registered Statutory Agent is ACFB INCORPORATED, 200 Public Square, Ste. 2300, Cleveland Oh 44114.

6. The Defendant's primary product or service is providing medical treatment and hospital services to people in Cleveland, Ohio.

7. At all relevant times herein, the Defendant employed the Plaintiff to work as an Administrator II, Cardiac and Surgery & V.A.D. program at University Hospitals Cleveland Medical Center's Harrington Heart & Vascular Institute (HHVI).

## II. JURISDICTION AND VENUE

8. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

9. This Court has federal jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff's Complaint raises a cause of action under Title VII of the Civil Rights Act of 1964, as amended and as codified in 42 U.S.C. 2000e(b), *et seq.;* The Americans with Disabilities Act of 1991, as amended and as codified in 42 U.S.C. § 12101 e*t seq.* The Fair Labor Standards Act as amended and codified in 29 USC § 203 *et seq*.; The Equal Pay Act as amended and codified in 29 USC § 206, *et seq.;* and the Family Medical Leave Act as amended and codified 29 USC § 2601, *et seq.* This Court has supplemental jurisdiction over the Plaintiff's state law causes of action pursuant to 28 U.S.C. § 621, *et seq*. because these claims arise out of the same facts and circumstances involved in the federal causes of action herein and involve the same case or controversy.

10. Venue is proper within the Northern District of Ohio, Cleveland, Ohio pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to the Plaintiff's causes of action occurred in Cleveland, Ohio, Cuyahoga County.

11. Plaintiff dually filed a charge of race, gender and disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") on September 11, 2018. A copy of which is attached hereto as Exhibit 1. The EEOC issued a Dismissal and Notice of Rights on April 11, 2019. A copy of which is attached hereto as Exhibit 2.

### III. **FACTS**

12. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

13. Plaintiff is an African American female.

14. Plaintiff started working for the Defendant as a Nursing Extern in May 2006.

3

15. Plaintiff continued her education and advanced in her career with the Defendant. She held several employment positions with the Defendant including being promoted to the position of Clinical Nurse and then on to Assistant Nurse Manager in January 2014.

16. In December 2016, the Defendant promoted the Plaintiff to the position of Administrator II, Cardiac Surgery & V.A.D. program, at University Hospitals Cleveland Medical Center's Harrington Heart & Vascular Institute (HHVI).

17. Robin Rowell, a white female, promoted the Plaintiff to this position.

18. Plaintiff did not have any performance issues or disciplinary action in her personnel file before this promotion and had positive performance reviews.

19. Plaintiff was the only African American manager in the entire HHVI. All of the surgeons were male, and the Vice President and President of HHVI were male.

20. Robin Rowell was the VP of HHVI, at this time, and Dr. Daniel Simon (White male) was the President.

21. In January 2017, Dr. Simon was promoted to President of the entire hospital and Dr. Marco Costa (White male), was his replacement as the President of HHVI beginning in January 2017.

22. Dr. Costa demoted Robin Rowell and replaced her with Eric Hess in April 2017.

23. Eric Hess then became my immediate supervisor in April 2017.

24. Dr. Costa, Dr. Sabik (Chair of Surgery) and Eric Hess complained about me being in this role as soon as they met me and realized that I was a young African American female, before they even had enough time to assess my job performance (less than 30 days).

25. Although I was promoted to the Administrator II position, I was only paid $100,000 per year, which was significantly less than my similarly situated white colleagues Rebecca Kahl (White female) and Dick Ingersol (White male).

26. I am a Registered Nurse with a B.S. in Nursing and an MBA.

27. Rebecca Kahl was the Administrator II for the Vascular Surgery Division and paid $168,000 even though Rebecca Kahl is not a Registered Nurse and does not have a B.S. in Nursing.

28. Plaintiff was also the only Administrator responsible for overseeing two departments with over 35 direct reports.

29. Rebecca Kahl was the Administrator for only one department with approximately 5 direct reports, and Dick Ingersol was the Administrator over one department with approximately 15 direct reports.

30. Dick Ingersol was not a Registered Nurse and he did not have a B.S. in Nursing. Yet, Dick Ingersol was also paid significantly more than the Plaintiff.

31. During the Plaintiff's time as Administrator, the Defendant denied her access to the financial records, including budgets, salaries, and other information necessary for her to do the business aspects of her job.

32. The Defendant also denied her training to do the business aspect of her job and denied her the same access to meetings and information that the other white Administrators were given, including the Administrators' monthly meetings.

33. The Defendant also required the Plaintiff to attend hospital initiative meetings and/or handle initiatives that her white colleagues were not required to attend and/or handle.

34. Eric Hess, Dr. Costa, and Dr. Sabik subjected the Plaintiff to a hostile work environment by excluding her from meetings, overly criticizing her work performance, blaming her for issues that they were responsible for handling and/or work that others were responsible for handling, thereby causing the Plaintiff to take FMLA leave for exacerbation of her pre-existing mental health condition.

35. When the Plaintiff returned from FMLA leave, the Defendant failed to update the Plaintiff on the status of her job responsibilities from the persons that handled them while she was on medical leave or give her any transition or hand off memoranda or information.

36. In December 2017, the Defendant placed her on a Performance Improvement Plan (PIP) for issues that were not within her realm of responsibility, and/or not within her sole responsibility and/or for alleged performance issues that were not within her control.

37. In addition, these performance issues were never raised in her bi-weekly meetings or one on one meetings with her supervisor. Plaintiff's white colleagues were not treated this way.

38. Plaintiff's supervisors did not want her in this role because she was an African American female.

39. The Defendant wrongfully terminated the Plaintiff's employment on May 10, 2018.

40. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered damages for which she is entitled to judgment as a matter of law.

## COUNT I
## (RACE DISCRIMINATION – TITLE VII)

41. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

42. Plaintiff is an African American female, and a member of a protected class.

43. Plaintiff was fully qualified for her position at all relevant times herein.

44. The Defendant fired the Plaintiff and subjected her to a hostile work environment during her employment because she is an African American.

45. Plaintiff's termination permitted the hiring and/or retention of white employees.

46. Plaintiff was treated differently than other similarly situated white employees who are not members of his protective class.

47. The Defendant's conduct was intentional, willful, wanton and malicious.

48. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

49. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNT II
### (RACE DISCRIMINATION – R.C. 4112.02 & 4112.99.)

50. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

51. Plaintiff is an African American female, and a member of a protected class.

52. Plaintiff was fully qualified for her position at all relevant times herein.

53. The Defendant fired the Plaintiff and subjected her to a hostile work environment during her employment because she is an African American.

54. Plaintiff's termination permitted the hiring and/or retention of white employees.

55. Plaintiff was treated differently than other similarly situated white employees who are not members of his protective class.

56. The Defendant's conduct was intentional, willful, wanton and malicious.

57. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

58. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNT III
## (GENDER DISCRIMINATION - TITLE VII)

59. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

60. Plaintiff is an African American female, and a member of a protected class.

61. Plaintiff was fully qualified for her position at all relevant times herein.

62. The Defendant fired the Plaintiff and subjected her to a hostile work environment during her employment because she is an African American female.

63. The Defendant's termination of the Plaintiff permitted the hiring and/or retention of female employees.

64. Plaintiff was treated differently than other similarly situated female employees who are not members of her protective class with respect the terms and conditions of her employment, including but not limited to, job performance standards and expectations, discipline and salary.

65. The Defendant's conduct was intentional, willful, wanton and malicious.

66. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and, is entitled to judgment as a matter of law.

67. Thus, Plaintiff seeks compensatory and punitive damages allowed by law.

## COUNT IV
## GENDER DISCRIMINATION – R.C. 4112.02 & 4112.99

68. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

69. Plaintiff is an African American female, and a member of a protected class.

70. Plaintiff was fully qualified for her position at all relevant times herein.

71. The Defendant fired the Plaintiff and subjected her to a hostile work environment during her employment because she is an African American female.

72. The Defendant's termination of the Plaintiff permitted the hiring and/or retention of female employees.

73. Plaintiff was treated differently than other similarly situated female employees who are not members of her protective class with respect the terms and conditions of her employment, including but not limited to, job performance standards and expectations, discipline and salary.

74. The Defendant's conduct was intentional, willful, wanton and malicious.

75. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and, is entitled to judgment as a matter of law.

76. Thus, Plaintiff seeks compensatory and punitive damages allowed by law.

## COUNT V
## (DISABILITY DISCRIMINATION – AMERICANS WITH DISABILITIES ACT)

77. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

78. Plaintiff suffers a disability as defined by 42 USC § 12102 of the Americans with Disabilities Act ("ADA").

79. Plaintiff was fully qualified for her position at all relevant times herein.

80. Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

81. The Defendant fired the Plaintiff and subjected her to a hostile work environment during her employment because of her actual and/or perceived disability.

82. The Defendant penalized and/or retaliated against the Plaintiff for taking a leave of absence as a reasonable accommodation for her disability and interfered with her exercise or enjoyment of the rights provided under the ADA.

83. The Defendant discriminated against the Plaintiff due to her actual and/or perceived disability in violation of 42 USC § 12112, *et seq.*

84. The Defendant terminated the Plaintiff in violation of 42 USC § 12112, *et seq.*

85. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

86. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNT VI
## (DISABILITY DISCRIMINATION – R.C. 4112.02 & 4112.99)

87. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

88. Plaintiff suffers a disability as defined by § 4112.02(13) of the Ohio Revised Code.

89. Plaintiff was fully qualified for her position at all relevant times herein.

90. Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

91. The Defendant fired the Plaintiff and subjected her to a hostile work environment during her employment because of her actual and/or perceived disability.

92. The Defendant penalized and/or retaliated against the Plaintiff for taking a leave of absence as a reasonable accommodation for her disability and interfered with her exercise or enjoyment of the rights provided under in § 4112.02 *et seq.* of the Ohio Revised Code.

93. The Defendant discriminated against the Plaintiff due to her actual and/or perceived disability in violation of § 4112.02, *et seq.* of the Ohio Revised Code.

94. The Defendant discriminated against the Plaintiff due to her actual and/or perceived disability in violation of § 4112.02 of Ohio Revised Code.

95. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

96. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNT VII
## EQUAL PAY ACT- FEDERAL

97. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

98. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

99. Plaintiff is an African American female.

100. Plaintiff worked as an Administrator II.

101. The Defendant paid a white male Administrator II significantly higher wages for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions in violation of 29 USC § 206 of the Equal Pay Act.

102. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

103. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

### COUNT VIII
### EQUAL PAY ACT- R.C. 4112.02 AND 4111.17

104. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

105. Plaintiff is an African American female.

106. Plaintiff worked as an Administrator II.

107. The Defendant paid a white male Administrator II significantly higher wages for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions in violation of R.C. 4112.02 of the Ohio Civil Rights Act and R.C. 4111.17 of the Ohio Equal Pay Act.

108. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

109. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNT IX
## FAMILY MEDICAL LEAVE ACT

110. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

111. Plaintiff suffered a serious health condition as defined in 29 CFR § 825.13 of the Family and Medical Leave Act ("FMLA").

112. The Defendant penalized and/or retaliated against the Plaintiff for exercising her FMLA rights and taking a leave of absence for her serious health condition in violation of 29 CFR § 825.220 of the FMLA.

113. The Defendant discriminated against the Plaintiff for exercising her rights under the FMLA in violation of 29 CFR § 825.220 of the FMLA.

114. The Defendant terminated the Plaintiff in retaliation for her having exercised her FMLA rights.

115. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

116. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNTY X
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

117. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

118. The Defendant' conduct was intentional, willful, wanton, malicious, reckless, and outrageous.

119. As a direct and proximate cause of the Defendant' actions, Plaintiff has suffered emotional harm, and is entitled to judgment as a matter of law.

120. Thus, Plaintiff seeks compensatory and punitive damages allowed by law.

## COUNT XI
## (PUNITIVE DAMAGES)

121. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

122. The Defendant acted intentionally, willfully, wantonly, recklessly, egregiously and maliciously when taking the actions described herein.

123. The Defendant acted with malice and reckless indifference to the Plaintiff's rights. Thus, Plaintiff is entitled to punitive damages as a matter of law.

WHEREFORE, the Plaintiff respectfully requests the Court to do the following:

1) JUDGMENT in favor of the Plaintiff on all Counts in the Complaint;
2) AWARD Plaintiff full compensatory damages allowed under the applicable state and federal laws (including, but not limited to all lost pay and benefits, back pay, front pay, unpaid overtime compensation, liquidated damages, emotional distress damages, costs and attorney's fees);
3) AWARD Plaintiff PUNITIVE DAMAGES; and
4) AWARD Plaintiff prejudgment and post judgment interest, and all costs associated with the pursuit of this action, including, but not limited to, court costs, filing fees, depositions expenses, witness fees, reasonable attorneys' fees and any other legal and equitable relief that this Court deems just and equitable.

Respectfully submitted,

/s/Donyetta D. Bailey
Donyetta D. Bailey (0072433)
Bailey Law Office, LLC
1600 Scripps Center
312 Walnut Street
Cincinnati, Ohio 45202
Phone: (513) 263-6800
Facsimile: (513) 263-6801
dbailey@baileylawofficellc.com

*Attorney for Plaintiff, Jamia Cain Thomas*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all the issues raised in her Complaint.

/s/Donyetta D. Bailey
Donyetta D. Bailey (0072433)

4823-3116-8412, v. 1