PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIA CAIN THOMAS, | ) | |
| | ) | CASE NO.  1:19CV1576 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNIVERSITY HOSPITALS | ) | |
| CLEVELAND MEDICAL CENTER, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 30 and 31] |

## I.  Introduction

Plaintiff Jamia Cain Thomas worked as an Administrator II, Cardiac and Surgery &

V.A.D. program at Defendant University Hospitals Cleveland Medical Center's Harrington Heart

& Vascular Institute.  After she was terminated on May 10, 2018, she sued her former employer

for discrimination.  Plaintiff alleges her disability/serious health condition, *i.e.*, anxiety,

interfered with one or more major life functions and that she suffered from anxiety as a result of

Defendant's unlawful conduct.  In her employment discrimination lawsuit, Plaintiff brings claims

for race (Count I) and gender (Count III) discrimination under Title VII and Ohio Rev. Code

Chap. 4112 ((race - Count II) (gender - Count IV)); violations of the Americans with Disabilities

Act ("ADA") (Count V) and disability discrimination under Ohio Rev. Code Chap. 4112 (Count

VI); violations of the Equal Pay Act (Count VII) and Ohio's wage discrimination laws, Ohio

Rev. Code §§ 4111.17 and 4112.02(A) (Count VIII); violations of an implementing regulation,

29 C.F.R. § 825.220, of the Family Medical Leave Act ("FMLA") (Count IX); and, intentional

(1:19CV1576)

inflection of emotional distress (Count X).  Plaintiff also requests punitive damages (Count XI).

First Amended Complaint (ECF No. 5).

## II.  Background

During times relevant to her lawsuit, Plaintiff kept two (2) journals.  In the first journal,

she made notes about her employment with Defendant, including notes about the alleged

discriminatory conduct of Defendant, work-related incidents, meetings, etc.  These journal

entries related directly to Plaintiff's employment and, in some cases, purported to reflect

statements made by Plaintiff's supervisor and others.

Plaintiff avers she produced every single entry from her first journal that concerns her

employment with Defendant in her initial discovery and in response to Defendant's written

discovery requests.  ECF No. 30 at PageID #: 259; 264-65.  Plaintiff's counsel states she has

reviewed this journal to confirm that this has been done and represents to the Court that "[n]one

of the remaining journal entries in the Plaintiff's first journal concern her employment with the

Defendant at all."  ECF No. 30 at PageID #: 260.  Plaintiff is, however, refusing to produce the

journals to Defendant to protect her privacy interests.  Defendant believes that Plaintiff's journals

will corroborate her therapist's treatment summary (ECF No. 32-1)[1] and undermine Plaintiff's

credibility.  Defendant also seeks to review the original versions of the journal entry copies that

---

[1]  ECF No. 32-1 was filed under seal to protect the confidentiality of
Plaintiff's medical information.  It is a letter, dated November 14, 2019, from Plaintiff's
therapist that provides a summary of Plaintiff's mental health treatment in 2017.

2

(1:19CV1576)

have already been produced[2] for evidence of alternations or subsequent additions.  ECF No. 31 at PageID #: 281-82.

On December 26, 2019, Defendant requested that Plaintiff bring to her deposition "the complete original journal(s), notebook(s) and/or folder(s) from which the handwritten entries" previously produced were copied.  ECF No. 31-10.  On January 23, 2020, pursuant to a prior Order (ECF No. 20), Magistrate Judge George J. Limbert held a phone conference regarding discovery disputes.  The Minutes for that conference state, in relevant part:

> . . . plaintiff's counsel *agreed with defendant that information pertaining to other life stressors in plaintiff's life that may be contained in the journal is relevant to plaintiff's claims about increased anxiety*; plaintiff's counsel stated she does not currently have physical possession of plaintiff's journal but will have possession of it the day before the scheduled deposition of plaintiff on Tuesday, (1/28/2020) and will review and redact material she deems is privileged or is irrelevant, but plaintiff's counsel also conveyed that she may ultimately provide the entire original journal to defendant; plaintiff's counsel stated she will inform defendant's counsel of the nature of any redacted material . . . .

Minutes of Proceedings dated January 23, 2020 (emphasis added).  Despite the representations made to the magistrate judge, Plaintiff did not produce her first journal, either redacted or unredacted.  Instead, Defense counsel was informed on the morning of January 28, 2020 that Plaintiff refused to bring her complete, original journal to the deposition.[3]  Defense counsel also

---

[2]  *E.g.*, JCT0049-0051, 0052-0056, 0187-0190, 0191, 0192-0193, 0199-0202, 0203-0206.  *See* Email message dated December 26, 2019 (ECF No. 31-10).

[3]  Defendant has been unable to complete Plaintiff's deposition because she refused to bring the complete original journal(s) as requested.  The cutoff for filing dispositive motions was previously extended "to a date 30 days following either the Court's ruling on sanctions or the completion of Plaintiff's deposition, whichever is later."  Order (ECF No. 36) at PageID #: 346.

3

(1:19CV1576)

learned for the first time that Plaintiff maintained a second journal during the time of her

employment with Defendant, from which no entries have been produced.  *See* Declaration of

Attorney Rachael L. Israel (ECF No. 31-1) at PageID #: 291, ¶ 7. Plaintiff's counsel declares "the

second journal . . . is completely personal, in which she did not make any entries about her job

with Defendant at all."  ECF No. 30 at PageID #: 259.  Plaintiff has, however, refused to let even

her own counsel review this journal, let alone produce it for *in camera* inspection.  ECF No. 30

at PageID #: 260.[4]

On January 31, 2020, the Court held a Telephonic Status Conference at which Plaintiff

appeared.  The Court specifically warned Plaintiff that if her refusal to provide her journals

unfairly prejudiced University Hospitals's ability to defend itself, she could be subject to

sanctions, including dismissal of her claims.  The Court ordered Plaintiff to execute 2013 HIPPA

release forms, so that Defendant could obtain relevant and discoverable medical records.  The

Minutes for that conference provide, in pertinent part:

> . . . (1) On or before 2/3/2020 at 12:00 p.m. Noon, Defense counsel shall provide
> Plaintiff's counsel with a HIPPA Release for Plaintiff's 2013 mental health
> records. Plaintiff's counsel shall return to Defense counsel *the Release executed
> by Plaintiff* no later than 2/3/2020 at 4:00 p.m. . . .  (3) On or before 2/7/2020 at
> 4:00 p.m., Plaintiff's counsel shall provide to Defense counsel any case law relied
> upon for Plaintiff's position relative to production of Plaintiff's original
> Journal(s).  On or before 2/10/2020, Defense counsel shall provide to Plaintiff's
> counsel any case law relied upon for Defendant's position relative to production
> of Plaintiff's original Journal(s).  A telephonic conference between lead counsel
> of record shall be held on 2/12/2020 at 3:00 p.m. (4) On or before 2/14/2020, the

---

[4]  The magistrate judge previously wrote "if the parties are still unable to resolve
any remaining discovery dispute, the District Judge may refer the discovery dispute to the
Magistrate Judge for further resolution and a possible in-camera inspection of plaintiff's
journal."  Minutes of proceedings dated January 23, 2020.

(1:19CV1576)

> parties shall file a Joint Notice informing the Court whether a resolution has been reached on production of Plaintiff's original Journal(s).  If a resolution has not been reached, the Joint Notice shall set forth the positions of the parties for resolution by the Court.

Minutes of Proceedings dated January 31, 2020 (emphasis added).  Plaintiff's counsel timely returned the 2013 HIPAA Releases to Defense counsel, but they did not bear Plaintiff's actual signature.  Instead, they were electronically-signed.  *See, e.g.* ECF No. 31-5.  Two (2) of Plaintiff's medical providers refused to accept the release because it was electronically-signed rather than setting forth Plaintiff's signature in ink.  *See* Email message dated March 6, 2020 (ECF No. 31-7).  During the February 12, 2020 telephonic conference between lead counsel of record regarding the production of Plaintiff's original journals, "Plaintiff's counsel stated that Plaintiff would not produce her journals under any circumstances, and no caselaw provided by University Hospitals would change her mind.  Plaintiff's counsel admitted that the journals were relevant but stated that Plaintiff was 'out of my [Ms. Bailey's] control.' " ECF No. 31-1 at PageID #: 291, ¶ 8 (brackets in original).

On February 14, 2020, the parties filed a Joint Notice of Continuing Discovery Dispute (ECF No. 22).  That same day, the Court referred the discovery dispute to Magistrate Judge Limbert pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a).  *See* Order (ECF No. 23).[5]  On March 9, 2020, the magistrate judge entered an Order (ECF No. 26) that required

---

[5]  The Court has also referred other discovery disputes of the parties.  *See* Orders ECF Nos. 28 and 37.  On May 29, 2020, Magistrate Judge Limbert held a telephonic conference regarding the status of outstanding discovery disputes.  *See* Minutes of Proceedings, dated May 29, 2020.  On June 5, 2020, an Order (ECF No. 42) was entered by the magistrate judge resolving these discovery disputes.

(1:19CV1576)

Plaintiff to produce to Defendant her two (2) original handwritten private journals within 14 days of the date of the Order, *i.e.*, March 23, 2020.  Rather than produce her journals, Plaintiff objected to the Order.

### III.  Ruling on Objections

### A.

Pending are Plaintiff's Objections to the Magistrate [Judge]'s[6] Order (ECF No. 30). Plaintiff has conceded the relevance of her original journals and focused her argument on what the appropriate sanction for non-production should be.  She requests that the magistrate judge's Order (ECF No. 26) be set aside, the Court issue a protective order in line with *McClung v. Roby Auto Group*, No. 2:05-cv-796, 2006 WL 8442309 (S.D. Ohio May 22, 2006), and allow her to pursue a garden variety claim for emotional distress damages without the discovery or use of her journals.  ECF No. 30 at PageID #: 268-69.

The magistrate judge's Order (ECF No. 26) is not dispositive of a party's claim or defense.  Fed. R. Civ. P. 72(a) provides in relevant part:

> When a pretrial matter is referred to a magistrate judge to hear and decide, the magistrate judge must . . . issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.

---

[6]  Plaintiff's counsel misidentifies Magistrate Judge Limbert as the "Magistrate" throughout the objections and memorandum in opposition to Defendant's motion for sanctions (ECF No. 38).  The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990.  Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge.").

(1:19CV1576)

> The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Plaintiff served and filed timely Objections to the Magistrate Judge's Order (ECF No. 30).

Plaintiff argues the Court can issue an Order to adequately protect both parties' interests without invading Plaintiff's privacy and requiring her to produce the two (2) original journals that contain her innermost private thoughts.  In support of her argument, Plaintiff relies on *McClung, supra*, a district court opinion that does not have binding precedential effect.[7]  In *McClung*, the plaintiff's objection to written discovery requests cited other district court employment discrimination cases holding that defendants do not have carte blanche access to a plaintiff's private life and/or mental health records simply because the plaintiff files a claim for "garden variety" emotional distress damages.  2006 WL 8442309, at *2.  The magistrate judge in *McClung* did not require the plaintiff to produce her contemporaneous diary to the defendants.  Instead, the court reached a compromise and issued an Order as follows:

> Plaintiff is ORDERED to enter a stipulation with defendants and file it within **eleven (11) days** of the date of this Order that she will not:  (1) testify that she sought treatment for the emotional distress she suffered as a result of their alleged unlawful conduct; (2) offer expert psychological evidence; (3) seek damages for psychological disabilities; or (4) claim an exacerbation of a pre-existing psychological disability.  Failing to do so, plaintiff is ORDERED to provide to defendants the information sought by Interrogatory No. 8 and the documents requested by Request for Production No. 6 as to treatment for psychological symptoms from September 2002 to the present within **fifteen (15) days** of the date of this Order.

---

[7]  *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. Moore et al., Moore's Fed. Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)).

(1:19CV1576)

*McClung,*, 2006 WL 8442309, at *8 (emphasis in original).[8]  Plaintiff argues Defendant requests

the production of her two (2) original journals not to defend against her claims, "but to embarrass

and harass the plaintiff []or force her to abandon her claim for damages completely." ECF No.

30 at PageID #: 264.  Plaintiff asks this Court to issue an order identical to the Order in *McClung*

in order to protect her privacy interests.

Along those lines, Plaintiff is willing to agree that she will:  (1) not testify that she sought

treatment for the emotional distress she suffered as a result of Defendant's alleged unlawful

conduct; (2) not offer expert psychological evidence; (3) not seek damages for psychological

disabilities; or (4) claim an exacerbation of a pre-existing psychological disability.  Plaintiff is

also willing to (5) eliminate the aspect of her FMLA claim (Count IX) that seeks damages for

exacerbation of her preexisting anxiety as a result of the asserted hostile work environment and

(6) eliminate her claim for intentional infliction of emotional distress (Count X).  ECF No. 30 at

PageID #: 268.

While Plaintiff may choose not to present evidence to a jury about her alleged disability

and serious health condition, Defendant certainly has a right to do so in defending against

Plaintiff's claims.

To mount a defense, Defendant claims it should be given access to the two (2) original

journals to review entries that may show that other life stressors caused Plaintiff's anxiety and to

challenge an alleged conflict between Plaintiff's deposition testimony and her counseling records

---

[8]  The district judge in *McClung* did not consider the parties' objections to the
magistrate judge's discovery order prior to entering a stipulated dismissal of the case.

(1:19CV1576)

(ECF No. 32-1).  Defendant argues Plaintiff has placed at issue the existence and causes of her

mental condition, *i.e.* anxiety, as well as its timing, by her allegations in the First Amended

Complaint (ECF No. 5) and through her deposition testimony.  According to Defendant, the

journals are also likely to contain evidence that contradicts Plaintiff's contemporaneous

statements made to her co-workers.  During her deposition, Plaintiff denied the accuracy of her

therapist's treatment summary, which identified other contributing causes of her anxiety in 2017.

Plaintiff denied that some of the causes existed and claimed that she discussed other contributing

causes with her therapist only in prior counseling sessions and not during her 2017 FMLA leave.

Excerpts of Deposition of Jamia Cain Thomas (ECF No. 32-2)[9] at PageID #: 321-22, 323-26.[10]

       According to Defendant, Plaintiff's request for emotional distress damages is not a

"garden variety" claim.  Plaintiff argues to the contrary that, if she is willing to forgo certain

aspects of her claims and revise her emotional distress claims into a garden variety claim, the

issue becomes moot.  ECF No. 30 at PageID #: 265; ECF No. 38 at PageID #: 350.  If Defendant

and the Court accept Plaintiff's proposed stipulations and concessions, Plaintiff argues her case

becomes a "garden variety" emotional distress case preventing Defendant from conducting

extensive discovery into her mental health history, including her journals.  ECF No. 30 at PageID

#: 261; PageID #: 268 (citing *McClung*, 2006 WL 8442309, at *2).

---

[9] ECF No. 32-2 was filed under seal.

[10] ECF No. 32-3 (filed under seal) is Defendant's itemization of the ways in
which Plaintiff's deposition testimony contradicted her therapist's treatment summary
(ECF No. 32-1) and Plaintiff's deposition.

9

(1:19CV1576)

Plaintiff contends her first original journal containing "her private most intimate thoughts to God, her marriage, or any other extremely personal matters outside of work are completely irrelevant to her FMLA claim" because that claim (Count IX) concerns Defendant's interference, retaliation and/or discrimination against her for taking FMLA leave by failing to properly reacclimate Plaintiff back into her position after she took leave.  ECF No. 30 at PageID #: 266-67.

Plaintiff maintains that like the FMLA claim, she can prove the alleged violations of the ADA (Count V) and disability discrimination under Ohio Rev. Code Chap. 4112 (Count VI) without expert testimony and without getting into the details of her disability.  ECF No. 30 at PageID #: 267.  Now Plaintiff is willing to give up her right to present expert testimony, despite having previously identified one of her treating physicians as an expert witness.

**B.**

The Court, having considered the entire record in this matter and the applicable law, finds that the magistrate judge's order (ECF No. 26) requiring Plaintiff to produce her two (2) original journals is not clearly erroneous or contrary to law.  *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 472 (N.D. Tex. 2005) (granting motion to compel, since diaries and journals were neither irrelevant nor privileged and noting "other courts, faced with this same issue, have routinely ordered the production of personal diaries in response to requests for production of documents") (quoting *Gill v. Beaver*, No. CIV. A. 98-3569, 1999 WL 461821, at *1 (E.D. La. July 2, 1999)).

(1:19CV1576)

Plaintiff's Objections (ECF No. 30) raise no factual or legal arguments that have not been fully addressed by the magistrate judge's order (ECF No. 26).  Therefore, the Court overrules Plaintiff's Objections to the magistrate judge's order (ECF No. 30).

### IV.  Ruling on Motion for Sanctions

Also pending is Defendant's Motion for Sanctions (ECF No. 31) pursuant to Fed. R. Civ. P. 37(b)(2)(A) and (C) for Plaintiff's willful failure to comply with Court Orders and cooperate in discovery.[11]  Defendant argues an appropriate sanction is dismissal of all of Plaintiff's claims that relate to or depend upon her alleged anxiety.  ECF No. 31 at PageID #: 287.  Plaintiff responds: (1) she "is holding off on signing new 2013 releases until this discovery dispute concerning the scope of the Defendant's access to her mental health records and journals is resolved," ECF No. 38 at PageID #: 349, and (2) "[n]o party should ever be penalized or sanctioned for exercising their rights under the Federal Rules of Civil Procedures[,] including their right to challenge the scope of discovery and their right to challenge a Magistrate [Judge]'s decision," ECF No. 38 at PageID #: 350.

Pursuant to Rule 37(b)(2)(A), the Court may sanction a party who fails to comply with its orders in a variety of ways, including dismissal of the lawsuit.  *Mager v. Wisconsin Central Ltd.,* *924 F.3d 831, 837 (6th Cir. 2019)*.  Four (4) factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery order:  (1) whether the offending party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was

_____

[11]  Defendant did not file a permissive reply memorandum in support of ECF No. 31.

(1:19CV1576)

prejudiced by the conduct; (3) whether the offending party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.. *Id.* Dismissal is proper if the record demonstrates behavior that is perverse in resisting authority and stubbornly disobedient. *Id.*

Defendant also requests an award of attorney's fees and costs. ECF No. 31 at PageID #: 288. Fed. R. Civ. P. 37(b)(2)(C) provides that in addition to any other sanctions that may be imposed, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Plaintiff was warned by the Court on at least two occasions that her continued failure to comply with valid discovery requests and orders could result in the sanction of dismissal. The Court specifically warned Plaintiff during the January 31, 2020 Telephonic Status Conference that if her refusal to provide her journals unfairly prejudiced University Hospitals's ability to defend itself, she could be subject to sanctions, including dismissal of her claims. In addition, the magistrate judge's order (ECF No. 26) provides, in relevant part: "If Plaintiff refuses to produce the journals, Plaintiff is hereby given NOTICE that Plaintiff may face Rule 11 sanctions, bear Defendant's attorney's fees and costs arising out of this discovery dispute, or dismissal of certain claims in Plaintiff's Amended Complaint, or a combination thereof. ECF Dkt. #5; Fed. R. Civ. P 11." ECF No. 26 at PageID #: 227 (capitalization in original).

Defendant's Motion for Sanctions (ECF No. 31) is denied without prejudice to refiling at a later date, if necessary.

12

(1:19CV1576)

## IV.  Actions and Consequences

Plaintiff shall return to Defense counsel new HIPPA Releases for Plaintiff's January 1, 2013-2018 mental health records signed in ink by Plaintiff and scanned no later than June 22, 2020 at 4:00 p.m.

On or before June 24, 2020 at 4:00 p.m., Plaintiff shall produce to Defendant her two (2) complete original handwritten journals.[12]  If Plaintiff does not timely produce her journals, the following claims that relate to or depend upon Plaintiff's alleged anxiety will be dismissed:

•  Count V (Disability Discrimination under the ADA);

•  Count VI (Disability Discrimination under Ohio law);

•  Count IX (Discrimination under the FMLA);

•  Count X (Intentional Infliction of Emotional Distress); and,

•  All claims for damages based on emotional distress or anxiety.

In addition, all allegations relating to Plaintiff's anxiety and any damages related to anxiety or emotional distress of any kind will be stricken, including:

•  Plaintiff's hostile work environment caused her "to take FMLA leave for exacerbation of her pre-existing mental health condition," *i.e.*, her anxiety (ECF No. 5 at ¶ 34);

•  Plaintiff suffers from a disability, *i.e.*, anxiety (ECF No. 5 at ¶¶ 78 & 88);

•  Plaintiff was fired and subjected to a hostile work environment because of her anxiety (ECF No. 5 at ¶¶ 81 & 91);

•  Plaintiff was penalized and retaliated against for taking a leave of absence due to her anxiety (ECF No. 5 at ¶¶ 82, 93 & 112);

---

[12]  On November 25, 2019, the Court granted Defendant's Motion for Protective Order (ECF No. 16) without opposition and entered a Protective Order (ECF No. 18).

(1:19CV1576)

• Defendant interfered with Plaintiff's rights under the ADA and Ohio law, which rights are based on her anxiety (ECF No. 5 at ¶¶ 82 & 83);

• Plaintiff was discriminated against because of her anxiety (ECF No. 5 at ¶¶ 83, 93 & 94);

• Plaintiff suffers from a serious health condition under the FMLA, *i.e.*, her anxiety (ECF No. 5 at ¶ 111);

• Plaintiff was discriminated against and terminated in retaliation for exercising her rights   under the FMLA, which rights are based on her anxiety (ECF No. 5 at ¶¶ 113 & 114);

• Plaintiff suffered emotional harm, *i.e.*, anxiety, as a result of Defendant's intentional infliction of emotional distress (ECF No. 5 at ¶ 119); and,

• Plaintiff is entitled to damages for the emotional distress, *i.e.*, anxiety, caused byDefendant (ECF No. 5 at ¶¶ 48, 57, 66, 75, 85, 95, 102, 108, 115 & Prayer for Relief).

Even if Plaintiff does not produce to Defendant her complete original journals – on a date agreed to by lead counsel of record, Plaintiff shall appear for deposition and give testimony responsive to topics that are not duplicative of those previously covered in her January 28, 2020 deposition.

Counsel are reminded that this case is set for final pretrial on July 22, 2020, and a jury trial on August 17, 2020.  *See* Civil Trial Order (ECF No. 14).


        IT IS SO ORDERED.


 June 17, 2020                                          */s/ Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                       United States District Judge

14